# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Herman Joseph Daniels,<br><br>                       Plaintiff,<br><br>vs.<br><br>Warden Denis Bush, Sgt. K. McMorris,<br><br>                       Defendants. | C/A No. 4:17-3010-JFA<br><br>**ORDER** |

After the Court adopted the Magistrate Judge's Report and Recommendation (Report) granting summary judgment in favor of Warden Denis Bush and Sgt. K. McMorris (Defendants), Herman Joseph Daniels (Plaintiff) untimely filed objections to the Report. (ECF No. 38). Plaintiff claims that he did not receive the Report until July 5, 2018. (ECF No. 38 p. 4). The Magistrate Judge issued the Report on June 27, 2018. (ECF No. 30). The Report was mailed to Plaintiff that same day. (ECF No. 31). Plaintiff had until July 14, 2018 to file objections. Plaintiff failed to do so.

The Court notes that Plaintiff did not ask for an extension of time to file objections. On July 17, 2018, this Court issued its order adopting the Report. (ECF No. 35). On July 20, 2018, the Court received Plaintiff's objections. Defendants timely filed a reply in opposition to the objections. (ECF No. 39).

The Magistrate Judge warned Plaintiff that "[f]ailure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal

from a judgment of the District Court based upon such Recommendation." (ECF No. 30-2). The Report further cautioned that "[o]bjections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections." *Id*.

Despite Plaintiff's untimeliness, the Court gives Plaintiff the benefit of the doubt in his statement that he did not receive the Report until July 5, 2018, and that he was not able to access the law library in time to respond by July 14, 2018. Thus, this Court vacates its grant of summary judgment (ECF No. 35) and now considers Defendants objections to the Report. Having fully considered Plaintiff's objections, this Court finds that Plaintiff has failed to make a specific objection to the Report.

A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73

F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Plaintiff's objection does not point to any error of the Magistrate Judge's Report. For five pages, Plaintiff discusses the negative aspects of being an inmate in the South Carolina Department of Corrections (SCDC). Plaintiff writes about his original conviction, the SCDC, and the timeliness of his objections. Plaintiff ends by asking for the SCDC to release from his trust funds fees that are required to be paid.

Plaintiff was adequately warned that "[o]bjections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections." (ECF No. 30-2). Plaintiff has failed to identify any portion of the Report that is incorrect. Without specific objections to the Report, this Court is not required

to give an explanation for adopting the Magistrate's recommendation. *See Camby*, 718 F.2d at 199.

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate's recommendation (ECF No. 30). Therefore, Defendants' Motion for Summary Judgment (ECF No. 19) is granted.

IT IS SO ORDERED.

July 30, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge